662 So.2d 411 (1995)
Jeffrey MEYERS, a minor By and Through his parents and legal guardians, Marvin MEYERS and Linda Meyers, and Marvin Meyers and Linda Meyers, Individually, Appellants,
v.
SCOOT-A-WAY CORPORATION and Thunderbird Associates, Ltd., Appellees.
No. 94-1282.
District Court of Appeal of Florida, Third District.
November 8, 1995.
*412 Perse & Ginsberg and Todd R. Schwartz, Miami, Klitzner & Schiffman, North Miami, for appellants.
Hinshaw & Culbertson and Ronald L. Culbertson and Jeanette Martinez, Miami, for appellees.
Before HUBBART and JORGENSON and GREEN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Jeffrey Meyers, a minor, by and through his parents and legal guardians, Marvin and Linda Meyers, and by the plaintiffs Marvin and Linda Meyers, individually, from an adverse summary judgment entered in a negligence action arising from injuries incurred by Jeffrey while operating a "waverunner," a motorized recreational watercraft. We reverse.
Jeffrey, a sixteen-year-old minor, had leased a "waverunner" from the defendant, Scoot-a-Way Corporation, while staying with his parents as guests of the Thunderbird Hotel, owned by the defendant, Thunderbird Associates, Ltd. The "waverunner" was mechanically sound and otherwise operational, but it lacked any protective padding around the steering wheel area of the watercraft; this padding was originally installed on the "waverunner" by the manufacturer, but it was subsequently removed. Jeffrey rode the "waverunner" out from the docks into a marina where he encountered a large wave from a passing vessel. When the wave reached Jeffrey, the "waverunner" was propelled into the air and thereafter landed in the water with a sudden impact causing him to hit his face on the unpadded steering wheel area of the watercraft and sustain certain injuries.
We reverse the final summary judgment under review upon a holding that the defendant Scoot-a-Way, the lessor of the "waverunner" and the alleged agent of the defendant Thunderbird, knowingly rented to Jeffrey a vessel which was "not seaworthy," in violation of Section 327.54(1)(d), Florida Statutes (1993),[1] thereby precluding a summary judgment in favor of the defendants under Section 327.54(5), Florida Statutes (1993).[2] We reach this result because the protective padding around the steering wheel area of the "waverunner" had been removed *413 subsequent to the watercraft's manufacture; such padding constitutes an appropriate appurtenance needed to allow this watercraft to engage safely in the recreational purpose for which it was designed. Clearly, it is reasonable that a "waverunner" travelling through navigable waters may be expected to encounter some turbulence causing the watercraft to bounce over the waves and throw the driver against the steering wheel; the padding around the steering wheel area of the watercraft was obviously placed there by the manufacturer as a safety device to cushion the impact of such foreseeable impacts. A vessel is not seaworthy if, inter alia, it lacks, as here, the proper equipment or devices to allow it to engage safely in the trade for which it was intended. See, e.g., Horn v. Cia de Navegacion Fruco, S.A., 404 F.2d 422, 428 (5th Cir.1968), cert. denied, 394 U.S. 943, 89 S.Ct. 1272, 22 L.Ed.2d 477 (1969); Texaco, Inc. v. Universal Marine, Inc., 400 F. Supp. 311, 320 (E.D.La. 1975); California & Hawaiian Sugar Refining Corp. v. Winco Tankers, Inc., 278 F. Supp. 648, 652 (E.D.La. 1968); Moragne v. State Marine Lines, Inc., 211 So.2d 161, 163 (Fla. 1968); Black's Law Dictionary 350 (6th edition 1990).
Based on the above analysis, the final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] "No livery shall knowingly lease, hire or rent a vessel to any person ... [w]hen the vessel is not seaworthy." § 327.54(1)(d), Fla. Stat. (1993).
[2] "When the livery has complied with subsections (1), (2) and (3), its liability ceases and the person leasing the vessel from the livery is liable for any violations of this chapter and is personally liable for any accident or injury occurring while in charge of such vessel." § 327.54(5), Fla. Stat. (1993).